UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEWBURY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| N&D NIGHT OUT, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

1. This is an action brought by Newbury Corporation ("Newbury" or "Plaintiff"), a leading manager of insurance products and services in the Commonwealth of Massachusetts to stop N&D Night Out based in Massachusetts ("Defendant") from infringing upon Plaintiff's federally registered stylized "N&D" and N&Drive trademarks (collectively the "N&D Marks") by using a confusingly or deceptively similar stylized "N&D" trademark. Defendant has refused to discontinue its use of its stylized "N&D" trademark despite Plaintiff's demand that it do so. This action for declaratory relief, damages and injunctive relief is necessary to prevent further harm as a result of Defendant's wrongful attempt to misappropriate the stylized N&D Marks trademark that rightfully belongs to Plaintiff.

**Parties, Jurisdiction and Venue**

2. Plaintiff is a Massachusetts corporation with its principal place of business in Dedham, Massachusetts. Plaintiff, part of The Norfolk & Dedham Group® or the N&D® Group, provides management and other services to three Massachusetts mutual insurance carriers, Norfolk & Dedham Mutual Fire Insurance Company, Dorchester Mutual Insurance Company and Fitchburg Mutual Insurance Company.

3. Defendant is upon information and belief an unincorporated commercial operation with its principal place of business in Easton, Massachusetts.

4. This Court has subject matter jurisdiction under 15 U.S.C. §§ 1119, 1121, and 28 U.S.C. § 1331, 1338(a) and (b); this action involves the federal trademark statute.

5. This Court has personal jurisdiction over this matter as Defendant operates its business in the State of Massachusetts.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

**Background**

7. Newbury uses the stylized N&D trademark in connection with promoting and rendering its insurance services. Newbury first began promoting its insurance services under the stylized N&D trademark since at least as early as 1953.



8. Among Newbury's insurance offerings is N&Drive, a program which encourages safe driving behavior by offering rewards redeemable for gift cards from national brands. Newbury first began using its N&Drive trademark at least as early as July 1, 2019.

9. In order to protects its intellectual property, Newbury obtained and owns United States Federal Trademark Registration No. 2688324 for the stylized N&D trademark with a filing date of February 15, 2002. A copy of the Certificate of Registration is attached hereto as Exhibit A.

10. Newbury also obtained and owns United States Federal Trademark Registration No. 5880873 for N&Drive trademark with a filing date of May 3, 2018 in International Class 009. A copy of the Certificate of Registration is attached hereto as Exhibit B.

11. Newbury has spent significant time and money promoting these trademarks to customers. Customers have come to know Newbury's stylized N&D trademark and its N&Drive trademark as symbols of Newbury's quality products and services.

12. Defendant uses the stylized N&D trademark with its "Party Bus" transportation service that encourages safe driving by providing alcohol and other entertainment. Such use falsely suggests Newbury sponsors or otherwise authorizes Defendant's use of the stylized N&D trademark to promote driver safety. Copies of Defendant's promotions of its "Party Bus" are attached hereto as Exhibit C.

13. Upon information and belief, Defendant has not filed any applications to register the stylized N&D as a trademark in the United States Patent and Trademark Office or in the appropriate office in any individual state jurisdiction in the United States.

14. Newbury's rights in the N&D Marks predate Defendant's rights (if any) in its stylized N&D trademark.

15. Defendant's stylized N&D trademark so closely resembles Newbury's N&D Marks as to cause confusion, mistake or deception as to the source of Defendant's services or as to Plaintiff's sponsorship or association with the "Party Bus".

| Plaintiff's Stylized N&D Mark | Defendant's Stylized N&D Mark |
|---|---|
| N&D | N&D |

16. Defendant's "Party Bus" transportation services that encourage safe driving by providing alcohol and other entertainment are closely related to the services covered by Newbury's federally registered N&D Marks used with automobile insurance and safe driving rewards. As a result of the similarity of services, the public is likely to be confused and will likely continue to be confused about whether Newbury is the source of Defendant's services or whether Newbury sponsors or Defendant's services or Defendant is affiliated with Defendant and authorized to use Defendant's N&D Marks.

17. Defendant's use of the stylized N&D trademark on its "Party Bus" infringes Newbury's prior rights in its N&D Marks.

18. Defendant's use of the stylized N&D trademark interferes with Newbury's use of its N&D Marks and is causing and will continue to cause harm to Newbury.

19. Unless enjoined by this Court, Defendant will continue said act of trademark infringement, thereby causing Newbury to suffer damages and immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT I
**Federal Trademark Infringement and Unfair Competition of the N&D Marks**

20. Newbury repeats and realleges paragraphs 1- 19 as though fully set forth herein.

21. Newbury is the senior user of the stylized N&D trademark and the N&Drive trademark in the United States.

22. Newbury owns the trademark rights in the stylized N&D trademark and the N&Drive trademark under federal common law and by virtue of its federal registrations of the marks and has priority over Defendant.

23. Defendant's use of the N&D Marks in connection with its entertainment ride services in the United States are likely to cause confusion in the mind of the public about the source and connection between the services of Defendant and Newbury.

24. Defendant has used the N&D Marks without consent and in the face of cease and desist demands.

25. Defendant continued to infringe the N&D Marks after it received notice of Newbury's ownership of the marks.

26. Consequently, Defendant's infringement is willful.

27. Defendant's unauthorized and willful use of the N&D Marks has infringed and continues to infringe the trademark rights of Newbury under federal common law and the federal trademark statute, 15 U.S.C. §§1114, 1125(a).

28. Newbury has suffered and continues to suffer damages and irreparable harm as a result of Defendant's infringement. The injury is ongoing.

29. Defendant's infringement is "exceptional" within the meaning and scope of 15 U.S.C. §§ 1117 such that attorneys' fees should be awarded to Newbury. Defendant infringed on Newbury's marks and refused to cease and desist from that use even after being confronted with federal registrations, thereby engaging in willful infringement.

30. Newbury is therefore entitled to injunctive relief against Defendant to restrain further acts of infringement and after trial, to recover any damages, including statutory damages under 15 U.S.C. § 1117, caused by Defendant's aforesaid acts, corrective advertising, and enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts.

*Request for Relief*

WHEREFORE, Plaintiff requests that the Court:

(1) enter judgment in Plaintiff's favor as to all counts;

(2) find that Defendant's conduct was willful;

(3) award damages;

(4) award attorneys' fees and costs to Newbury in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117;

(5) enjoin the Defendant and its agents, employees, successors and assigns, and all others in privity or acting in concert therewith from using the stylized N&D trademark or any other trademark or other commercial designation which is confusingly similar to the Plaintiff's stylized N&D trademark, and from otherwise infringing the distinctive quality of the stylized N&D trademark in the United States.

(6) award such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

NEWBURY CORPORATION,

By its Attorney,

Dated: August 11, 2023

    */s/ Thomas F. Dunn*
Thomas F. Dunn, BBO No. 641252
Verrill Dana, LLP
One Federal Street, 20th Floor
Boston, Massachusetts 02110
(617) 309-2600
tdunn@verrill-law.com